| JOHNSON, J.
would grant the writ application and set aside the summary judgment for the following reasons.
Appellate review of a grant or denial of a motion for summary judgment is de novo. Jones v. Estate of Santiago, 2003-1424 (La.4/14/04), 870 So.2d 1002. Summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge or malice, yet it may be granted on a subjective issue when no issue of material fact exists concerning that issue. Id.; Smith v. Our Lady of the Lake Hosp., 93-2512 (La.7/5/94), 639 So.2d 730. In Smith, supra, this court recognized that a “genuine issue” is a “triable isspe.” The court continued: “An issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable ■ persons could reach only one conclusion, thfere is no need for a trial on that issue.” Id., 639 So.2d at 750. The court further explained that a “fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Id.
In this case, in response to defendants’ motion for summary judgment, plaintiffs offered copies of Johnson’s school records and his criminal records which revealed his past behavioral disorders and his'criminal background. Plaintiffs also | ¡.submitted an affidavit from Johnson’s mother, in which she attested that her son “has had behavioral disorders since a very early age which started when he was in school.” She also stated that Johnson’s behavior was so disruptive at times that “he traveled home on a school bus with no other students.” She further asserted that when Johnson was in kindergarten, his teacher informed her that he could no longer wear boots to school because he kicked other students.
Plaintiffs also submitted affidavits of deputies of the Natchitoches Parish Sheriffs Department in which the deputies attested to Johnson’s “explosive personality” prior to his incarceration, as well as his reputation in the law enforcement community as one with a “continuing history of violence.”
The longstanding jurisprudence is clear: in order to hold the penal authorities liable *350 for an injury inflicted upon an inmate by another inmate, the authorities must (1) know or have reason to anticipate that harm will ensue, and (2) fail to use reasonable care in preventing the harm. Jackson v. Phelps, 95-2294 (La.4/8/96), 672 So.2d 665; Parker v. State, 282 So.2d 483.
Reasonable minds could differ concerning the issue of whether the Natchitoches Parish Sheriffs Department knew or had reason to anticipate that harm would ensue and failed to use reasonable care in preventing the harm. Additionally, the fact is material, as this issue is essential to plaintiffs’ cause of action under the applicable theory of recovery.
For the foregoing reasons, I believe that summary judgment was inappropriate in this case. I would set aside the summary judgment and remand this matter to the trial court for further proceedings.